SCOTT N. SCHOOLS (SCSBN 9990)
United States Attorney

JOANN M. SWANSON (CSBN 88143)
Chief, Civil Division

STEPHEN L. JOHNSON (CSBN 145771)
Assistant United States Attorney

450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495
Telephone: (415) 436-7161
FAX: (415) 436-7169
stephen.johnson1@usdoj.gov

Attorneys for Defendants

E-filing

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

MICHELLE P. BROWN, M.D.,

    Defendant.

No. C 07 4614 SLM

COMPLAINT FOR COLLECTION OF STUDENT LOAN

DEBT COLLECTION CASE [L.R. 16-6]

Plaintiff, United States of America, alleges as follows:

1. This is an action to recover money borrowed by Michelle P. Brown, M.D. ("Defendant") under section 701-720 of the Public Health Service Act (42 U.S.C. § 292 f-p) and not repaid.

**Jurisdiction**

2. This court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1345.

**Venue**

3. Defendant resides in Monterey County, which is within the jurisdiction of this Court under 28 U.S.C. §§ 28 and 1391.

COMPLAINT
Case No.

### The Debt

4. As a medical student at Tufts University, defendant applied for and was granted Health Education Assistance Loans.

5. On or about July 11, 1994, defendant signed a promissory note consolidating her Health Education Assistance Loans into one HEAL Relief Account in the amount of $176,163.89. The promissory note bears interest at 8% per annum, computed at a variable rate which is adjusted quarterly. Interest is compounded. *See* Promissory Note attached as Exhibit A.

6. Defendant filed for relief under title 11 of the United States Code on or about July 30, 2000, in the Northern District of California.

7. Upon filing for bankruptcy relief, the holder of her promissory note, Student Loan Marketing Association ("SLMA") filed an insurance claim with the Department of Health and Human Services ("HHS"). HHS paid SLMA's claim of $227,449 on or about August 8, 2000, and took an assignment of the promissory note, resulting in a default under the promissory note.

### Failure to Pay

8. After taking the assignment of the promissory note, plaintiff sent several letters to defendant requesting payment on the loan, and advising defendant that her continuing failure to pay would result in enforced collection efforts.

9. As of August 27, 2007, defendant owes plaintiff a total of $310,547.02 (consisting of principal of $309,461.68 and interest of $1,085.34), plus interest at an annual rate of 8.00% from that date. *See* Certificate of Indebtedness attached as Exhibit B.

10. The principal balance and interest shown on the Certificate of Indebtedness is correct as of the date of the Certificate of Indebtedness after application of all prior payments, credits, and offsets.

### Prayer

WHEREFORE, plaintiff prays for judgment against defendant as follows:

A. For the sum of $310,547.02, plus prejudgment interest through the date of judgment, all administrative costs allowed by law, and post-judgment interest;

B. For court costs and an amount equal to the filing fee as allowed pursuant to 28

COMPLAINT
Case No.

1  U.S.C. § 2412(a)(2); and,

2      C.    For such other and further relief as the Court deems just and proper.

DATED: 9/5/07

Respectfully submitted,

SCOTT N. SCHOOLS
United States Attorney


_____
STEPHEN L. JOHNSON
Assistant United States Attorney

COMPLAINT
Case No.

EXHIBIT A

**SallieMae**
Student Loan Marketing Association
HEAL Relief Originations Center
P.O. Box 1304
Merrifield, Virginia 22116-1304

*The HEAL Relief Account* 

Questions? Call 1-800-643-0040

# Promissory Note

Before you sign your Sallie Mae HEAL Relief Promissory Note, please read and understand the borrower rights and responsibilities. Please use a black ink ballpoint pen. Please review all information on your HEAL Relief promissory note. When it is complete, detach the top copy and forward it to the HEAL Relief Originations Center. Keep the copy marked "Applicant Copy" for your records.

[Name/address redacted]                                                    07/05/94

### HEAL DEBT TO WHICH THIS PROMISSORY NOTE IS APPLICABLE (LISTED BY HOLDER)

| CREDITOR /HOLDER NAME | PAYOFF BALANCES PER HOLDER |
|---|---|
| SALLIEMAE - LSCVm | $175,163.39 |
| | |
| **TOTAL HEAL DEBT TO BE CONSOLIDATED** | $176,163.39 |

**WARNING:** Any person who knowingly makes a false statement or misrepresentation in a HEAL loan transaction, bribes or attempts to bribe a Federal official, fraudulently obtains a HEAL loan, or commits any other illegal action in connection with a HEAL loan is subject to possible fine and imprisonment under Federal statute.

**NOTICE:** If the borrower is a minor and this Note would not, under applicable State law, create a binding obligation, the lender may require an endorser also to sign this Note.

Please read the "PROMISE TO PAY" and the "BORROWERS RIGHTS AND RESPONSIBILITIES" carefully. Do not make any alterations for such alterations will nullify the terms and agreements of the Note. This is a legally binding contract. Sign and date the promissory note in ink.

Promise To Pay/Promissory Note (Please read and sign where indicated.)

I promise to pay to the Student Loan Marketing Association, or a subsequent holder of this Promissory Note ("Lender"), all sums disbursed (hereafter "loan") under the terms of this Note to discharge my prior loan obligations, plus interest and other fees which may become due as provided in this Note. If I fail to make payments on this Note when due, I will also pay reasonable collection costs, including attorney's fees, court costs and late fees. The terms of this Note shall be constructed according to the law (42 U.S.C. 292-292p) and the Federal Regulation (42 CFR Part 60) governing the administration of the Health Education Assistance Loan (HEAL) Program, copies of which are on file with the holder of this Note. I understand that the amount of the loan will be based on the payoff balance(s) as provided by the holder(s)/servicer(s) of loans being consolidated. I agree that all proceeds from this loan will be used solely to repay existing HEAL loans.

I understand that this is a Promissory Note and this Note supercedes all previous Promissory Notes associated with the consolidation of the above HEAL debt. I will not sign this Note before reading it, including the writing on the reverse side, even if otherwise advised. My signature certifies I have read, understand and agree to the terms and conditions, including the "Borrowers Rights and Responsibilities," printed on the reverse side of this Promissory Note. I acknowledge that I have received, read and understand the provisions of this Note, as set forth on all pages of this document.

APPLICANT SIGNATURE x _[signature]_ DATE 7/11/94  SOC. SEC. NO. [redacted]

**PLEASE REMEMBER:** UNTIL YOU HAVE BEEN NOTIFIED THAT YOUR HEAL RELIEF ACCOUNT HAS BEEN APPROVED, YOU MUST MAKE PAYMENTS AS DUE ON EACH OF THE LOANS TO BE CONSOLIDATED.

[Stamp overlay: ALL RIGHT, TITLE AND INTEREST OF THE UNDERSIGNED IS HEREBY ASSIGNED WITHOUT WARRANTY, EXCEPT THAT THE NOTE QUALIFIES FOR INSURANCE TO THE UNITED STATES OF AMERICA — signature]

The Lender and I further understand and agree that:
**NOTIFICATION**
I must immediately notify the lender (in this Note, the term "lender" means the holder of this Note) if any of the following occurs to me before the loan is repaid in full: 1) change of address, 2) name change (e.g., maiden name to married name), 3) failure to begin any activity eligible for deferment status, or 4) cessation of participation in an activity eligible for deferment status.

**INTEREST**
1. Beginning on the day the loan is disbursed, interest shall accrue. Payment of the interest accruing before the beginning of the repayment period may be postponed until the date upon which repayment of principal is required to begin or to resume. Interest which has accrued and is not paid may be added to the principal sum of this Note not more frequently than every 12 months. Beginning when the repayment period commences, interest shall accrue and be paid as set forth in the Repayment Schedule which the lender shall establish and provide to me. Interest that is not paid shall be added to the principal sum of this Note annually.
2. Interest shall accrue and be payable at a yearly rate of interest which may not exceed a variable rate calculated by the Secretary of the Department of Health and Human Services for each calendar quarter and computed by determining the average of the bond equivalent rates for the ninety-one day U.S. Treasury Bills auctioned during the preceding quarter, plus three percent, rounding this figure up to the nearest one-eighth of one percent. *The rate of interest applied to this Note shall be the ninety-one day U.S. Treasury Bill auctioned during the preceding quarter, plus three percent, rounding this figure up to the nearest one-eighth of one percent.*
3. Any change in the quarterly rate of interest will affect the monthly payment amount, and may affect the number of payments, or the amount due at maturity.
4. I understand you will reduce the interest rate by 1/4 of one percent during any period installment payments are made by direct debit through my bank or other financial institution eligible to make automated clearing house payments. This reduction will terminate if installment payments in the full amount due are not actually made for any reason (such as, for example, insufficient funds in my bank account), my loan enters into any forbearance, deferment or grace period, my bank is not eligible to make automated clearing house payments, or I cancel the payment arrangement.
5. I understand that you will permanently reduce the interest rate by 1/2 of one percent if and when you receive the first 48 scheduled installment payments due on this Note in full on or prior to their due dates.

**PREPAYMENT**
I may, at my option and without penalty, prepay all or any part of the principal and accrued interest at any time.

**REPAYMENT**
1. Repayment shall be made in monthly installments over a repayment period which starts the first day of the tenth month after the month in which (A) I cease to be a full-time student at

SALLIE MAE COPY

the Lender and I further understand and agree that

## NOTIFICATION

I must immediately notify the lender on this Note, the term "lender" includes a subsequent holder of the Note in writing if any of the following occurs to me before the loan is repaid in full: 1) change of address, 2) name change (e.g., maiden name to married name), 3) failure to begin an activity eligible for deferment status, or 4) cessation of participation in an activity eligible for deferment status.

## INTEREST

1. Beginning on the day the loan is disbursed, interest shall accrue. Payment of the interest accruing before the beginning of the repayment period may be postponed until the date upon which repayment of principal is required to begin or to resume. Interest which has accrued and is not paid may be added to the principal sum of this Note not more frequently than every 12 months. Beginning when the repayment period commences, interest shall accrue and be paid as set forth in the Repayment Schedule which the lender shall establish and provide to me. Interest that is not paid shall be added to the principal sum of this Note **annually**.
2. Interest shall accrue and be payable at a yearly rate of interest which may not exceed a variable rate calculated by the Secretary of the Department of Health and Human Services for each calendar quarter and computed by determining the average of the bond equivalent rates for the ninety-one day U.S. Treasury Bills auctioned during the preceding quarter, plus three percent, rounding this figure up to the nearest one-eighth of one percent. *The rate of interest applied to this Note shall be the ninety-one day U.S. Treasury Bill auctioned during the preceding quarter, plus three percent, rounding this figure up to the nearest one-eighth of one percent.*
3. Any change in the quarterly rate of interest will affect the monthly payment amount, and may affect the number of payments, or the amount due at maturity.
4. I understand you will reduce the interest rate by 1/4 of one percent during any period installment payments are made by direct debit through my bank or other financial institution eligible to make automated clearing house payments. This reduction will terminate if installment payments in the full amount due are not actually made for any reason (such as, for example, insufficient funds in my bank account), my loan enters into a forbearance, deferment or grace period, my bank is no longer eligible to make automated clearing house payments, or I cancel the payment arrangement.
5. I understand you will permanently reduce the interest rate by 1/2 of one percent if and when you receive the first 48 scheduled installment payments due on this Note in full on or prior to their due dates.

## PREPAYMENT

I may, at my option and without penalty, prepay all or any part of the principal and accrued interest at any time.

## REPAYMENT

1. Repayment shall be made in monthly installments over a repayment period which starts the first day of the tenth month after the month in which (A) I cease to be a full time student at a HEAL school; (B) (1) I cease to be a participant in an accredited internship or residence program of not more than four years in duration, or (2) I complete the fourth year of an accredited internship or residency program of more than four years in duration, or (C) I cease to be a participant in a fellowship training program not in excess of two years or a participant in a full-time educational activity not in excess of two years which: (1) is directly related, as defined in program regulations, to the health profession for which I prepared at a HEAL school, and (2) in which I may engage during a two year period which begins within twelve months after I complete my participation in an internship or residence program described in clause (B)(1) or clause (B)(2) of this paragraph or before I complete my participation in such an internship or residency program.
2. The repayment period shall not be less than ten years nor more than twenty-five years. Any period described under DEFERMENT and any period of FORBEARANCE shall not be included in determining the ten or twenty-five year periods. The repayment period shall not extend to a date that is more than thirty-three years from the date on which I signed this Promissory Note.
3. At least thirty but not more than sixty days before the commencement of my repayment period, I must contact the holder of my loan to establish the precise terms of repayment. My repayment schedule will require monthly payments. However, I may select a monthly repayment schedule with substantially equal installments or a monthly repayment schedule with graduated installments that increase in amount over the repayment period if I contact the holder of my loan within the period described above. If I do not contact the holder and do not respond to contacts from the holder, the holder may establish a monthly repayment schedule with substantially equal installment payments, subject to the terms of this Note.
4. The terms and conditions of repayment shall be set forth in a separate Repayment Schedule which the lender shall establish and shall provide me.
5. I understand that this loan must be repaid in accordance with my Repayment Schedule. If my account becomes overdue by more than sixty days, the lender must notify an appropriate consumer credit reporting agency of this, which may significantly and adversely affect my credit rating. The lender must also use collection agents and utilize other collection activities (including litigation) if my account becomes overdue.

## CREDIT REPORTING AGENCY

My educational institution or my lender may disclose my loan, and any other relevant information, to appropriate consumer credit reporting agencies. If I am more than sixty days past due in making a scheduled payment, the lender of my loan will notify an appropriate consumer credit reporting agency of my past due status, and any other relevant information.

## LATE CHARGE

If a scheduled payment is late, I will be charged five cents for each dollar of the installment payment due.

## DEFERMENT

1. Monthly installments of principal and interest need not be paid, but interest shall accrue:
   (A) When I am carrying a full-time course of study at a HEAL school or at an institution of higher education eligible to participate in the Federal Stafford Loan Program.
   (B) When I am participating in a fellowship training program or full-time educational activity for not in excess of two years as described in paragraph 1 under REPAYMENT above.
   (C) Not in excess of three years for each of the following when I am:
       (1) a member of the Armed Forces of the United States;
       (2) in service as a volunteer under the Peace Corps Act;
       (3) in service as a full-time volunteer under Title I of the Domestic Volunteer Service Act of 1973; and
       (4) a member of the National Health Service Corps;
   (D) Not in excess of four years when I am a participant in an accredited internship or residency program. Except that this limitation of four years also includes any period of deferral of the onset of the repayment period for participation in an internship or residency program.
   (E) Not in excess of one year, if I graduated from a school of chiropractic; and
   (F) Not in excess of three years, when I have completed an accredited internship or residency training program in osteopathic general practice, family medicine, general internal medicine, preventive medicine, or general pediatrics, and am practicing primary care.
2. To receive a deferment, including a deferral of the onset of the repayment period (see REPAYMENT), I must, prior to the onset of the activity and annually thereafter, submit to the lender evidence of my status in the deferment activity and evidence that verifies deferment eligibility of the activity. It is my responsibility to provide the lender with all required information or other information regarding the requested deferment.

## DEATH/DISABILITY

If I die or become totally and permanently disabled, my unpaid indebtedness on this Note shall be cancelled in accordance with applicable Federal statute and regulations.

## FORBEARANCE

I have the right to be granted forbearance whenever I am temporarily unable to make scheduled payments on my HEAL Relief Account and I continue to repay the loan in an amount commensurate with my ability to repay the loan unless the Secretary determines that my default is inevitable and the forbearance will be ineffective in preventing default. A lender must exercise forbearance, in accordance with terms that are consistent with the thirty-three year limitation on the length of repayment, if the lender and the borrower agree in writing to the new terms. Each forbearance period may not exceed six months and the total period of forbearance (with or without interruption) granted to me must not exceed two years unless an extension is granted by the Secretary.

## DEFAULT

If I do not make payments when due, my loan may be declared in default. If I default, the Federal Government will take over my loan and I will then owe the Government. The Federal Government will actively pursue me for repayment of the debt, including the use of collection agents and reporting my default to consumer credit reporting agencies or to the Internal Revenue Service for purpose of locating me or for income tax refund offset, and referral to the Department of Justice for litigation. I may be the subject of court action to force me to pay. The Secretary shall also cause to be reduced Federal reimbursements or payments for health services under any Federal law to borrowers who are practicing their professions and have defaulted on their loans, and may make other administrative offsets, including salary offsets for Federal employees. The Government may also report any written off debt to the Internal Revenue Service as taxable income, and may undertake any other debt collection procedures in accordance with the Claims Collection Regulations (45 CFR Part 30).
1. In the event of my default on this loan, the entire unpaid loan including interest due and accrued shall, at the option of the holder of this Note, become immediately due and payable.
2. If I fail to make a scheduled payment, or fail to comply with any other term of this Note, the lender may: (a) refer my loan to a collection agent for further collection efforts; (b) initiate legal proceedings against me; (c) refer my loan to the Secretary for collection assistance; and (d) obtain my address from the Internal Revenue Service, through the Secretary, if the lender has no current address for me.
3. If I fail to make a scheduled payment, or fail to comply with any other term of this Note, any HEAL school or post-graduate training program I have attended may assist in the collection of my loan, including providing information concerning me to the Secretary and to past and present lenders and holders of my HEAL Relief Account.
4. No Federal or State statute, regulation, or administrative limitation shall terminate the period within which suit may be filed, a judgment may be enforced, or an offset, garnishment, or other action may be initiated or taken by the Secretary, the Attorney General, or other administrative head of another Federal agency, for the repayment of the amount due on this Note.

## BANKRUPTCY

I may not have my loan discharged in bankruptcy during the first seven years of the repayment period, under any chapter of the Bankruptcy Act, including Chapter 13. I may have a HEAL Relief Account discharged in bankruptcy after the first seven years of the repayment period, excluding any periods of forbearance and deferment, only upon a finding by the Bankruptcy Court that the non-discharge of such debt would be unconscionable and upon the condition that the Secretary shall not have waived his or her right to reduce any Federal reimbursements or Federal payments for health services under any Federal law in amounts up to the balance of the loan.

## BORROWER'S RIGHTS

1. The lender (holder) cannot change the terms of my HEAL Relief Account.
2. The lender must provide me with a copy of the completed Promissory Note when the loan is made. The lender (holder) must return the note to me when the loan is paid in full.
3. The holder will advance funds on my behalf to all creditors who currently hold the funds so advanced will be paid to the holder of the loans designated above in order to pay off these loans on my behalf. I further understand that the amount of the CONSOLIDATED loan is the sum of the balances which my creditors say are the pay-off balances on those loans. This amount may be more or less than the estimated total balance. If verified total balance on loans to be consolidated exceeds the estimate by $2,000 or 5 percent, whichever is less, the holder will issue a new Promissory Note. If the amount the consolidating lender advances to my holder(s) exceeds the amount needed to pay off my balance(s), I understand that the holder will refund the excess to the consolidating lender for application against the outstanding principal balance of my consolidation loan. If the amount the consolidation lender advances to my holder(s) is less than the amount needed to pay off my balance(s), I agree to either pay off the remaining balance or to take such actions as the consolidation lender deems appropriate to authorize the consolidating lender to include the remaining amount in a new loan under this Note.
4. The lender (holder) will provide me with a repayment schedule before the repayment period begins.
5. If the loan is sold from one lender to another lender, or if the loan is serviced by a party other than the lender, the holder must notify me within 30 days of the transaction and I must be sent a notification which spells out my obligations to the new holder.
6. I have a right to a 9-month "grace period" before repayment begins after I have completed internship and residency in an accredited program, or a fellowship training program or full-time educational activity approved by the Secretary for this purpose.
7. I have a right to deferment of principal and interest repayments if certain conditions exist. Under deferment I am not required to make payments on the loan principal or interest for a period of time. However, interest continues to accrue during any deferment period. To receive a deferment, including a deferral of the onset of the repayment period (See Section 60.11(a) of the HEAL regulations), I must, prior to the onset of the activity and annually thereafter, submit to the holder of the Note evidence of my status in the deferment activity and evidence that verifies deferment eligibility of the activity. It is my responsibility to provide the holder with all required information regarding the requested deferment.
8. I have a right to prepay the whole or any portion of the loan at any time without a penalty.
9. If I contact the holder of my loan at least 30 but not more than 60 days before the commencement of my repayment period to establish the precise terms of repayment, I may select a monthly repayment schedule with substantially equal installments or a monthly repayment schedule with graduated installments that increase in amount over the repayment period.
10. My loan obligation will be cancelled in the event of my death or permanent and total disability in accordance with applicable Federal statutes and regulations.
11. "Forbearance" means an extension of time for making loan payments or the acceptance of smaller payments than were previously scheduled to prevent me from defaulting on my payment obligations. I have the right to be granted forbearance whenever I am temporarily unable to make scheduled payments of my HEAL Relief Account and I continue to repay the loan in an amount commensurate with my ability to repay the loan unless the Secretary determines that my default is inevitable and the forbearance will be ineffective in preventing default. A lender (holder) must exercise forbearance, with terms that are consistent with the 33-year limitation on the length of repayment, if the lender (holder) and the borrower agree in writing to the new terms. Each forbearance period may not exceed 6 months and the total period of forbearance (with or without interruption) granted to me must not exceed 2 years unless an extension is granted by the Secretary.
12. The lender (holder) must notify me in writing of the balance owed for principal, interest, and any other charges or fees owed to the lender (holder), at least every 6 months from the time my loan was disbursed to me.
13. The lender and I, by mutual agreement, may consolidate all of my HEAL notes into a single instrument under the terms applicable to an insured loan made at the same time as the consolidation. The lender or loan holder should provide full information to me concerning the advantages and disadvantages of loan consolidation.

HEAL Relief – HEAL Consolidation Program

RECEIVED MAY 31 1994

**SallieMae**
Student Loan Marketing Association
HEAL Relief Originations Center
P.O. Box 1304
Merrifield, Virginia 22116-1304

*The HEAL Relief℠ Account*

## Application/Promissory Note (Failure to complete all information will result in processing delays).

### Section A: Borrower Information

1. Last Name: Brown  First Name: Michelle  Middle Initial: P.
1a. Former Name (e.g., maiden name): ___
2. Social Security Number: [redacted]
3. Permanent Street Address: 221 Summer St, Apt #4
4. Day Telephone Number: 716-878-2700
5. Evening Telephone Number: 716-882-6897
City: Buffalo  State: NY  Zip: 14222
6. Date of Birth (month/day/year): 3/17/54
7. Driver's License Number: ___
8. Employer (Name): Health Care Plan  Address: 900 Guaranty Bldg, Buffalo NY 14202
9. Major Course of Study Code: MED
City: Buffalo  State: NY  Zip: ___
10. Graduation Date or Less than Full-Time Date: 12/31/91
11. Grace End Date (if applicable): ___
12. Are you delinquent on the repayment of any Federal Debt? ☐ Yes ☒ No
13. Citizenship Status: ☒ A. U.S. Citizen  ☐ B. U.S. National  ☐ C. U.S. Permanent Resident  ☐ D. Other
Registration #: ___  Country of Citizenship: ___

### Section B: Reference Information

| | Name and Address of Spouse or other Adult Relative | Name and Address of another Adult Relative not living with you. | Name and Address of another Adult Relative not living with you. |
|---|---|---|---|
| 14. Name | J. Melvia Brown | Dr. Wm Donald Brown | Dr. Barbara B. Rice |
| Relationship to Borrower | Mother | Father | Sister |
| Permanent Address | 13900 County Rd #5 | 13900 County Rd #5 | 725 7th St, NE |
| City, State, Zip Code | Burnsville MN 55337 | Burnsville MN 55337 | Washington DC |
| Area Code & Telephone Number | 612 890 4670 | 612-890 4670 | 202-543 9245 |

### Section C: HEAL Loan Information

List all outstanding HEAL loans and corresponding information. (You must consolidate all of your outstanding HEAL loans.) Ineligible debt (e.g., GSL, SLS, PLUS, or loans previously paid in full by guarantor) cannot be included in your HEAL Relief Account.

| 15. Name and Address of Current Holder | 16. Account Number | 17. Original Principal Balance | 18. Interest Rate | 19. 1st Disbursement Month/Year | 20. Current Balance |
|---|---|---|---|---|---|
| Michelle P Brown, MD | 47368 1743-1 | 8,000 | 6.875 | 7/81 | 56,847.31 |
| 221 Summer St | | 12,000 | 6.875 | 4/82 | 26,594.91 |
| Apt #4 | | 12,000 | 6.875 | 10/82 | 26,594.91 |
| Buffalo NY | | 8,000 | 6.875 | 12/82 | 17,701.51 |
| 14222-2219 | | 12,000 | 6.875 | 6/83 | 26,594.91 |
| | | 8,000 | 6.875 | 10/83 | 18,743.02 |

### Section D: Repayment Options (See accompanying brochure for details)

21. ☐ I choose GRADUATED REPAYMENT OPTION 1 (50% interest payments in year 1 and 75% interest payments in year 2 followed by payment step-ups in years 3, 4, 5, level payments beginning in year 6.)
☒ I choose [GRADUATED REPAYMENT] (25% interest payments for year 1 ... )
☐ I choose a LEVEL Repayment Plan (level principal and interest payments over the life of the loan.)

[stamped: UNDERSIGNED IS NOT QUALIFIED UNDER THE NOTE OR WARRANTY FOR INSURED GUARANTY OF AMERICA]

### Section E: Permission To Verify Loan Balances/Borrower Certification (Please read and sign where indicated.)

I hereby authorize my creditors to release to Sallie Mae, for purposes of verifying loan information in order that I may consolidate my HEAL loans, pursuant to the 1992 Reauthorization of the Public Health Service Act, as amended, any information concerning my student loans that Sallie Mae requests in connection with such loan consolidation. This information is for the use of Sallie Mae in consolidating my student loans.

My signature below also certifies that I have (1) graduated or terminated studies at an approved HEAL school (2) all my HEAL loans are listed (3) no HEAL consolidation application is pending with another lender and (4) the information provided is true and correct.

APPLICANT SIGNATURE X _Michelle P Brown_  DATE 5/24/94  SOC. SEC. NO. [redacted]

### Section F: Lending Institution's Certification

I, the Authorizing official, certify that I have complied with all HEAL statutes, regulations, and contracts with the Secretary concerning the HEAL program. I have read, understand, and agree to the terms of the "Lending Institution's Certification" statement.

Name of Authorized Lending Official (Print or Type): Ami Kim  Title: Heal Relief Sp
Signature of Authorized Lending Official: _Ami Kim_  Date: 7-18-94

RELIEF - 1

a HEAL school; (F)(1) I cease to be a participant in an accredited internship or residency program of more than four years in duration, or (2) I complete the fourth year of an accredited internship or residency program of more than four years in duration; or (C) I cease to be a participant in a fellowship training program not in excess of two years or a participant in a full-time educational activity not in excess of two years which: (1) is directly related, as defined in program regulations, to the health profession for which I prepared at a HEAL school, and (2) in which I may engage during a two-year period which begins within twelve months after I complete my participation in an internship or residency program described in clause (B)(1) or clause (B)(2) of this paragraph or before I complete my participation in such an internship or residency program.
2. The repayment period shall not be less than ten years nor more than twenty-five years. Any period described under DEFERMENT and any period of FORBEARANCE shall not be included in determining the ten or twenty-five year periods. The repayment period shall not extend to a date that is more than thirty-three years from the date on which I signed this Note.
3. At least thirty but not more than sixty days before the commencement of my repayment period, I must contact the holder of my loan to establish the precise terms of repayment. My repayment schedule will require monthly payments. However, I may select a monthly repayment schedule with substantially equal installments or a monthly repayment schedule with graduated installments that increase in amount over the repayment period if I contact the holder of my loan within the period described above. If I do not contact the holder and do not respond to contacts from the holder, the holder may establish a monthly repayment schedule with substantially equal installment payments, subject to the terms of this Note.
4. The terms and conditions of repayment shall be set forth in a separate Repayment Schedule which the lender shall establish and shall provide me.
5. I understand that this loan must be repaid in accordance with my Repayment Schedule. If my account becomes overdue by more than sixty days, the lender must notify an appropriate consumer credit reporting agency of this, which may significantly and adversely affect my credit rating. The lender must also use collection agents and utilize other collection activities (including litigation) if my account becomes overdue.

**CREDIT REPORTING AGENCY**
My educational institution or my lender may disclose my loan, and any other relevant information, to appropriate consumer credit reporting agencies. If I am more than sixty days past due in making a scheduled payment, the lender of my loan will notify an appropriate consumer credit reporting agency of my past due status, and any other relevant information.

**LATE CHARGE**
If a scheduled payment is late, I will be charged five cents for each dollar of the installment payment due.

**DEFERMENT**
1. Monthly installments of principal and interest need not be paid, but interest shall accrue:
   (A) When I am carrying a full-time course of study at a HEAL school or at an institution of higher education eligible to participate in the Federal Stafford Loan Program.
   (B) When I am participating in a fellowship training program or full-time educational activity for not in excess of two years as described in paragraph 1 under REPAYMENT above.
   (C) Not in excess of three years for each of the following when I am:
       (1) a member of the Armed Forces of the United States;
       (2) in service as a volunteer under the Peace Corps Act;
       (3) in service as a full-time volunteer under Title I of the Domestic Volunteer Service Act of 1973; and
       (4) a member of the National Health Service Corps;
   (D) Not in excess of four years when I am a participant in an accredited internship or residency program. Except that this limitation of four years also includes any period of deferral of the onset of the repayment period for participation in an internship or residency program.
   (E) Not in excess of one year, if I graduated from a school of chiropractic; and
   (F) Not in excess of three years, when I have completed an accredited internship or residency training program in osteopathic general practice, family medicine, general internal medicine, preventive medicine, or general pediatrics, and am practicing primary care.
2. To receive a deferment, including a deferral of the onset of the repayment period (see REPAYMENT), I must, prior to the onset of the activity and annually thereafter, submit to the lender evidence of my status in the deferment activity and evidence that verifies deferment eligibility of the activity. It is my responsibility to provide the lender with all required information or other information regarding the requested deferment.

**DEATH/DISABILITY**
If I die or become totally and permanently disabled, my unpaid indebtedness on this Note shall be cancelled in accordance with applicable Federal statute and regulations.

**FORBEARANCE**
I have the right to be granted forbearance whenever I am temporarily unable to make scheduled payments on my HEAL Relief Account and I continue to repay the loan in an amount commensurate with my ability to repay the loan unless the Secretary determines that my default is inevitable and the forbearance will be ineffective in preventing default. A lender must exercise forbearance, in accordance with terms that are consistent with the thirty-three year limitation on the length of repayment, if the lender and the borrower agree in writing to the new terms. Each forbearance period may not exceed six months and the total period of forbearance (with or without interruption) granted to me must not exceed two years unless an extension is granted by the Secretary.

**DEFAULT**
If I do not make payments when due, my loan may be declared in default. If I default, the Federal Government will take over my loan and I will then owe the Government. The Federal Government will actively pursue me for repayment of the debt, including the use of collection agents and reporting my default to consumer credit reporting agencies or to the Internal Revenue Service for purpose of locating me or for income tax refund offset, and referral to the Department of Justice for litigation. I may be the subject of court action to force me to pay. The Secretary shall also cause to be reduced Federal reimbursements or payments for health services under any Federal law to borrowers who are practicing their profession and have defaulted on their loans, and may make other administrative offsets, including salary offsets for Federal employees. The Government may also report any written off debt to the Internal Revenue Service as taxable income, and may undertake any other debt collection procedures in accordance with the Claims Collection Regulations (45 CFR Part 30).
1. In the event of my default on this loan, the entire unpaid loan including interest due and accrued shall, at the option of the holder of this Note, become immediately due and payable.
2. If I fail to make a scheduled payment, or fail to comply with any other term of this Note, the lender may: (a) refer my loan to a collection agent for further collection efforts; (b) initiate legal proceedings against me; (c) refer my loan to the Secretary for collection assistance; and (d) obtain my address from the Internal Revenue Service, through the Secretary, if the lender has no current address for me.
3. If I fail to make a scheduled payment, or fail to comply with any other term of this Note, any HEAL school or post-graduate training program I have attended may assist in the collection of my loan, including providing information concerning me to the Secretary and to past and present lenders and holders of my HEAL Relief Account.
4. No Federal or State statute, regulation, or administrative limitation shall terminate the period within which suit may be filed, a judgment may be enforced, or an offset, garnishment, or other action may be initiated or taken by the Secretary, the Attorney General, or other administrative head of another Federal agency, for the repayment of the amount due on this Note.

**BANKRUPTCY**
I may not have my loan discharged in bankruptcy during the first seven years of the repayment period, under any chapter of the Bankruptcy Act, including Chapter 13. I may have a HEAL Relief Account discharged in bankruptcy after the first seven years of the repayment period, excluding any periods of forbearance and deferment, only upon a finding by the Bankruptcy Court that the non-discharge of such debt would be unconscionable and upon the condition that the Secretary shall not have waived his or her rights to reduce any Federal reimbursements or Federal payments for health services under any Federal law in amounts up to the balance of the loan.

**BORROWER'S RIGHTS**
1. The lender (holder) cannot change the terms of my HEAL Relief Account without my consent.
2. The lender must provide me with a copy of the completed Promissory Note when application for a HEAL consolidation loan is made. The lender (holder) must return the note to me when the loan is paid in full.
3. The holder will advance funds on my behalf to all creditors who currently hold HEAL loans named on this Note. The funds so advanced will be disbursed to the holder of the loans designated above in order to pay off these loans on my behalf. *I further understand that the amount of this CONSOLIDATION LOAN will equal the sum of the amounts which my creditors verify are the pay-off balances on these loans. This amount may be more or less than the estimated total balance. If verified total balance on loans to be consolidated exceeds the estimate by $2,000 or 5 percent, whichever is lower, the holder will issue a new Promissory Note.* If the amount the consolidating lender advances to my holder(s) exceeds the amount needed to pay off my balance(s), I understand that the holder will refund the excess to the consolidating lender for application against the outstanding principal balance of my consolidation loan. If the amount the consolidation lender advances to my holder(s) is less than the amount needed to pay off my balance(s), I agree to either pay off the remaining balance or to take such actions as the consolidation lender deems appropriate to authorize the consolidation lender to include the remaining amount in an addendum to this Note.
4. The lender (holder) will provide me with a repayment schedule before the repayment period begins.
5. If the loan is sold from one lender to another lender, or if the loan is serviced by a party other than the lender, the holder must notify me within 30 days of the transaction and I must be sent a notification which spells out my obligations to the new holder.
6. I have a right to a 9-month "grace period" before repayment begins after I have completed internship and residency in an accredited program, or a fellowship training program or full-time educational activity approved by the Secretary for this purpose.
7. I have a right to deferment of principal and interest repayments if certain conditions exist. Under deferment I am not required to make payments on the loan principal or interest for a period of time. However, interest continues to accrue during any deferment period. To receive a deferment, including a deferral of the onset of the repayment period (See Section 60.11(a) of the HEAL regulations.) I must, prior to the onset of the activity and annually thereafter, submit to the holder of the Note evidence of my status in the deferment activity and evidence that verifies deferment eligibility of the activity. It is my responsibility to provide the holder with all required information regarding the requested deferment.
8. I have a right to prepay the whole or any portion of the loan at any time without a penalty.
9. If I contact the holder of my loan at least 30 but not more than 60 days before the commencement of my repayment period to establish the precise terms of repayment, I may select a monthly repayment schedule with substantially equal installments or a monthly repayment schedule with graduated installments that increase in amount over the repayment period.
10. My loan obligation will be cancelled in the event of my death or permanent and total disability in accordance with applicable Federal statutes and regulations.
11. "Forbearance" means an extension of time for making loan payments or the acceptance of smaller payments than were previously scheduled to prevent me from defaulting on my payment obligations. I have the right to be granted forbearance whenever I am temporarily unable to make scheduled payments of my HEAL Relief Account and I continue to repay the loan in an amount commensurate with my ability to repay the loan unless the Secretary determines that my default is inevitable and the forbearance will be ineffective in preventing default. A lender (holder) must exercise forbearance, with terms that are consistent with the thirty-three year limitation on the length of repayment, if the lender (holder) and the borrower agree in writing to the new terms. Each forbearance period may not exceed 6 months and the total period of forbearance (with or without interruption) granted to me must not exceed 2 years unless an extension is granted by the Secretary.
12. The lender (holder) must notify me in writing of the balance owed on principal, interest, and any other balance or fees owed to the lender (holder), at least every 6 months from the time my loan was disbursed to me.
13. The lender and I, by mutual agreement, may consolidate all of my HEAL notes into a single instrument under terms applicable to an insured loan made at the same time as the consolidation. The lender or loan holder should provide full information to me concerning the advantages and disadvantages of loan consolidation.

**WARRANTY EXCEPT THAT THE NOTE IS NOT GUARANTEED OR INSURED BY THE STATE OF _____**

**BORROWER'S RESPONSIBILITIES**
1. I understand that there is no interest subsidy on a HEAL loan and that I must pay all interest on the loan. If I do not make payments on time or if I default, the total amount to be repaid will be increased by late charges and may be increased by additional interest costs, attorney's fees, court costs and other collection costs.
2. I must immediately notify the lender (holder) in writing if any of the following occurs to me before the loan is repaid in full: a. change of address, b. name change (e.g., maiden name to married name), c. failure to begin any activity eligible for deferment status, or d. cessation of participation in an activity eligible for deferment status.
3. I must notify the lender (holder) of any occurrence which may affect my eligibility to receive or to continue to receive a deferment of principal and interest payments.
4. To receive a deferment, including a deferral of the onset of the repayment period (See Section 60.11(a) of the HEAL regulations), I must, prior to the onset of the activity and annually thereafter, submit to the holder of the Note evidence of my status in the deferment activity and evidence that verifies deferment eligibility of the activity. It is my responsibility to provide the holder with all required information or other information regarding the requested deferment.
5. I understand that this loan must be repaid in accordance with my repayment schedule. If my account becomes overdue by more than 60 days, the lender (holder) must notify an appropriate consumer credit reporting agency of this, which may significantly and adversely affect my credit rating. The lender (holder) must also use collection agents and utilize other collection activities (including litigation) if my account becomes overdue.
6. If I do not make payments when due, my loan may be declared in default. If I default, the Federal Government will take over my loan and I will then owe the Government. The Federal Government will actively pursue me for repayment of the debt, including the use of collection agents and reporting my default to consumer credit reporting agencies or to the Internal Revenue Service for purpose of locating me or for income tax refund offset, and referral to the Department of Justice for litigation. I may be the subject of court action to force me to pay. The Secretary shall also cause to be reduced Federal reimbursements or payments for health services under any Federal law to borrowers who are practicing their profession and have defaulted on their loans, and may make other administrative offsets, including salary offsets for Federal employees. The Government may also report any written off debt to the Internal Revenue Service as taxable income, and may undertake any other debt collection procedures in accordance with the Claims Collection Regulations (45 CFR Part 30).
7. I do not have the right to have my loan discharged in the first 7 years of the repayment period. This prohibition against the discharge of a HEAL loan applies to bankruptcy under any chapter of the Bankruptcy Act, including Chapter 13. I may have a HEAL loan discharged in bankruptcy after the first 7 years of the repayment period only, excluding any periods of forbearance and deferment, upon a finding by the Bankruptcy Court that the non-discharge of such debt would be unconscionable and upon the condition that the Secretary shall not have waived his or her rights to reduce any Federal reimbursements or Federal payments for health services under any Federal law in amounts up to the balance of the loan.

**EXHIBIT B**

**DEPARTMENT OF HEALTH & HUMAN SERVICES**    Program Support Center

Rockville MD 20857

AUG 27 2007

## CERTIFICATE OF INDEBTEDNESS

Michelle P. Brown, MD
c/o Lemuria Health Institute
991 Cass St
Monterey, CA 93940
Ref: 50132321

**Total debt due to the United States of America as of August 3, 2007: $310,547.02 (principal $309,461.68, interest $1,085.34, administrative costs $0.00).**

I certify that the Department of Health and Human Services records show that the debtor named above is indebted to the United States in the amount stated above, plus additional interest on the principal balance of $309,461.68 from August 3, 2007, at the rate of 8.00%. Interest accrues on the principal amount of this debt at the rate of $67.83 per day. Interest is computed at a variable rate and is adjusted quarterly. Due to the annual compounding of interest, the current principal amount is greater than the original amount borrowed.

The claim arose in connection with a Government-insured Health Education Assistance Loan (HEAL) made by a private lender and assigned to the United States.

As a student at Tufts University, you applied for and were granted Health Education Assistance Loans (HEAL), Section 701-720 of the Public Health Service Act (42 U.S.C. 292 f-p). You consolidated your HEAL loans into one HEAL Relief Account loan in the amount of $176,163.89. You signed a promissory note on July 11, 1994, agreeing to repay the loan at a variable rate of interest.

Upon your leaving the Tufts University, you were granted forbearance agreements during the period of January 6, 1995, to March 5, 2000, with payments to begin April 5, 2000. Between August 12, 1994, and September 27, 1999, you made forty-seven (47) payments totaling $41,508.91.

On July 30, 2000, in the United States Bankruptcy Court, Northern District of California, you filed a petition for relief under Title 11 U.S.C. Chapter 13 (Case No. 00-53425). The bankruptcy was discharged on June 16, 2005, however, your HEAL debt was not dischargeable under bankruptcy.

Due to your bankruptcy, the SLMA filed an insurance claim with the Department of Health and Human Services (HHS). The claim in the amount of $227,449 was paid on August 8, 2000, and an assignment of the note was received.

The HHS notified you by letter dated August 16, 2000, that the previous holder of your promissory note submitted an insurance claim and assigned your note to the U.S. Government.

In a letter dated July 12, 2005, you were notified that although payments on your HEAL debt had been suspended during your bankruptcy proceedings, your debt was not subject to cancellation by bankruptcy discharge. You were provided instructions for entering into a repayment agreement (RA) with notice that it must be completed and returned within thirty (30) days along with a good faith payment. You did not comply.

By letter dated September 30, 2005, you were notified that your account had been referred to OSI Collection Services for collection. You were advised that your account would be referred to the U.S. Department of Justice (DOJ) if you failed to either remit payment in full or enter into an RA. You did not comply.

## PAGE 2 - CERTIFICATE OF INDEBTEDNESS - MICHELLE P. BROWN, MD

In a letter dated December 16, 2005, you were notified of the HHS' intent to refer your HEAL debt to other Federal agencies for the purpose of administrative offset under the Debt Collection Improvement Act of 1996. You were advised that a written response, an RA, or payment in full received within sixty (60) days from the date of the letter would terminate administrative offset action. You did not comply.

On May 30, 2007, you were notified that you had sixty (60) days in which to resolve your delinquent debt. You were advised that if you were unwilling to establish an RA, your case would be immediately referred to the Office of the Inspector General (OIG) for exclusion from participation in the Medicare/Medicaid Programs. The letter also informed you that in the event you did not enter into an RA, your debt would be referred to the DOJ for enforced collection. You did not comply.

In a letter dated June 1, 2007, you were notified of the HHS' intent to refer your HEAL debt to other Federal agencies for the purpose of administrative offset under the Debt Collection Improvement Act of 1996. You were advised that a written response, an RA, or payment in full received within sixty (60) days from the date of the letter would terminate administrative offset action. You did not comply.

The following provides a breakdown of credit and payments applied to your account:

| | | |
|---|---|---|
| 47 Payments to Lender | 08/12/94 to 09/27/99 | $41,508.91 |
| 1 Lender Refund | 11/21/00 | $ 2,326.48 |
| Payments to HHS | 12/22/00 to 02/20/07 | $24,812.29 |
| Total Amount Applied | | $68,647.68 |

Repeated attempts by HHS have been unsuccessful in establishing an acceptable repayment schedule for your debt. Because of your lack of cooperation the federal government is exercising its option and declaring your note due and payable. Accordingly, your debt has now been referred to the DOJ for enforced collection.

The amount due should be remitted by check, draft or money order(s) payable to the "U.S. Department of Justice" and mailed directly to the United States Attorney, Northern District of California, 450 Golden Gate Ave, 10th Fl, San Francisco, CA 94102.

**CERTIFICATION:** *Pursuant to 28 U.S.C. 1746, I certify under penalty of perjury that the foregoing is true and correct.*

AUG 27 2007
_____
Date

_____
Barry M. Blum
Chief, Referral Control Section
Debt Management Branch